# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE PENN MUTUAL LIFE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>THE ESTATE OF SUSAN SMITH, et al.,<br><br>Defendants. | Case No. 1:23-cv-00722-SAB<br><br>ORDER GRANTING STIPULATED MOTION FOR INTERPLEADER RELIEF AND ATTORNEYS' FEE AWARD<br><br>ORDER DIRECTING CLERK OF COURT TO DISMISS PLAINTIFF FROM ACTION<br><br>ORDER VACATING HEARING SET FOR SEPTEMBER 27, 2023<br><br>(ECF No. 21) |

**I.**

**INTRODUCTION**

On May 10, 2023, Plaintiff the Penn Mutual Life Insurance Company ("Penn"), filed this interpleader action against Defendants: (1) the Estate of Susan Smith, by and through its administrator, Christopher R. Wilson ("Smith Estate"); and (2) Vassar Smith ("Vassar"). (ECF No. 1.) On June 6, 2023, Defendant Smith Estate filed an answer, as well as a crossclaim against Defendant Vassar. (ECF Nos. 6, 7.) On June 22, 2023, Defendant Vassar filed an answer to the complaint. (ECF No. 13.) On June 29, 2023, Defendant Vassar filed an answer to the crossclaim. (ECF No. 16.)

On July 20, 2023, pursuant to the consent of the parties, this action was reassigned to

1

1  Magistrate Judge Stanley A. Boone. (ECF No. 18.)

2      On August 9, 2023, the parties filed a stipulated motion for interpleader relief. (Stip.
3  Mot. Interpleader ("Mot."), ECF No. 21.) The motion is set for hearing on September 27, 2023,
4  in Courtroom 9. (ECF No. 22.)

5      Based on the Court's review of the stipulated motion, the Court finds the matter suitable
6  for decision without oral argument, and the hearing set for September 27, 2023, shall be vacated.
7  For the reasons explained below, the parties' stipulated motion for interpleader relief and for the
8  award of attorneys' fees and costs shall be granted.

## II.

## LEGAL STANDARD

11      "Interpleader is a procedural device used to resolve conflicting claims to money or
12  property. It enables a person or entity in possession of a tangible *res* or fund of money (the
13  'stakeholder') to join in a suit two or more 'claimants' asserting mutually exclusive claims to
14  that stake." MacPherson-Pomeroy v. N. Am. Co. for Life & Health Ins., No.
15  120CV00092DADBAM, 2022 WL 1063039, at *5 (E.D. Cal. Apr. 8, 2022) (quoting Great Wall
16  De Venezuela C.A. v. Interaudi Bank, 117 F. Supp. 3d 474, 481 (S.D.N.Y. 2015). "Both Rule
17  22 and the interpleader statute allow a party to file a claim for interpleader if there is a possibility
18  of exposure to double or multiple liability." Lee v. W. Coast Life Ins. Co., 688 F.3d 1004, 1009
19  (9th Cir. 2012); Mack v. Kuckenmeister, 619 F.3d 1010, 1024 (9th Cir. 2010) ("The purpose of
20  interpleader is for the stakeholder to 'protect itself against the problems posed by multiple
21  claimants to a single fund.' " (quoting Minn. Mut. Life Ins. Co. v. Ensley, 174 F.3d 977, 980 (9th
22  Cir. 1999))). "This includes protecting against the possibility of court-imposed liability to a
23  second claimant where the stakeholder has already voluntarily paid a first claimant. But it also
24  includes limiting litigation expenses, which is not dependent on the merits of adverse claims,
25  only their existence." Mack, 619 F.3d at 1024.

26      When the interpleader procedure is initiated, it typically proceeds in two stages. Lee, 688
27  F.3d at 1009. "In the first stage, the district court decides whether the requirements for [a] rule
28  or statutory interpleader action have been met by determining if there is a single fund at issue

and whether there are adverse claimants to that fund." Id. (quoting Mack, 619 F.3d at 1023). "If the district court finds that the interpleader action has been properly brought the district court will then make a determination of the respective rights of the claimants." Id. (quoting Mack, 619 F.3d at 1023-24). "The two stages to an interpleader action need not be bifurcated; 'the entire action may be disposed of at one time.'" MacPherson-Pomeroy, 2022 WL 1063039, at *5 (quoting W. Conf. of Teamsters Pension Plan v. Jennings, No. C-10-03629 EDL, 2011 WL 2609858, at *5 (N.D. Cal. June 6, 2011)). "The second stage of an interpleader action may be adjudicated at summary judgment when there is no material dispute of fact . . . and each claimant has the burden of establishing his or her right to the fund or property by a preponderance of the evidence." MacPherson-Pomeroy, 2022 WL 1063039, at *5 (citations and quotation marks omitted).

Federal provides two mechanisms for invoking interpleader—statutory interpleader under 28 U.S.C. § 1335 and rule interpleader under Rule 22—and their jurisdictional requirements differ. Under statutory interpleader, district courts have original jurisdiction over actions if: (1) the amount in dispute exceeds $500; (2) there are two or more adverse claimants of diverse citizenship; and (3) the plaintiff deposits the money or property in dispute into the registry of the court or posts an adequate bond. MacPherson-Pomeroy, 2022 WL 1063039, at *5 (citing 28 U.S.C. § 1335). "Statutory interpleader has been 'uniformly construed to require only minimal diversity, that is, diversity of citizenship between two or more claimants, without regard to the circumstance that other rival claimants may be co-citizens.'" Id. (quoting State Farm Fire & Cas. Co. v. Tashire, 386 U.S. 523, 530 (1967). In contrast, rule interpleader under Federal Rule of Civil Procedure 22 is a procedural device only and requires that jurisdiction must be proper under 28 U.S.C. § 1331 or § 1332. Id. (citing Morongo Band of Mission Indians v. California State Bd. of Equalization, 858 F.2d 1376, 1382 (9th Cir. 1988)).[1]

---

[1] The Plaintiff's complaint provides that this action arises under Federal Rule of Civil Procedure 22, and that the Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(2), because there is diversity among the parties and the amount in controversy greater than $75,000. (Compl. ¶ 4.) The Court notes that the stipulated motion states generally, that district courts have original jurisdiction over interpleader actions where the interpleader fund exceeds $500.00 and two or more adverse claimants to the benefits are of diverse citizenship, 28 U.S.C. § 1335, but the motion does not mention Rule 22. (Mot. 3.) In either regard, the Court finds it has jurisdiction over this matter.

# III.

# DISCUSSION

## A. The Court finds the Stipulated Motion for Interpleader is Properly Granted

Penn Mutual issued life insurance policy No. 7374035, effective January 5, 1984, insuring the life of and owned by Susan Smith (the "Decedent") with an initial specified amount of $260,000.00 (the "Policy"). (Mot. 1-2.) In the application for the Policy, the Decedent designated Vassar Smith (the Decedent's then husband) as primary beneficiary, Adam V. Smith (her son, now deceased) as secondary beneficiary, and Decedent's estate as final beneficiary. (Mot. 2.)

The Decedent and Vassar were divorced in April 2000. (Id.) The judgment of dissolution entered in their divorce proceeding specified that "[o]ther life insurance policies on the life of [Susan S. Smith] are confirmed to her as her sole and separate property." (Id.) The Decedent did not change the Policy beneficiary following the divorce. (Id.)

The parties proffer that upon information and belief, Adam V. Smith predeceased the Decedent in July 2016. (Id.) The Decedent passed away in March 2018. (Id.) At the time of death, the death benefit due under the Policy was $625,637.31 (the "Death Benefit"). (Id.)

Vassar was the sole surviving designated beneficiary of the Policy at the time of the Decedent's death. (Id.) No claim was made to the Death Benefit at the time of the Decedent's death. (Id.)

Penn Mutual did not learn of the Decedent's death until it received a death notification from the Social Security Administration. (Id.) Following notification, Penn Mutual contacted Vassar regarding submission of a claim for the Death Benefit. (Id.) Penn Mutual exchanged correspondence with Vassar Smith (both directly and through a third-party on his behalf) regarding Vassar's claim to the Death Benefit but, as of the date of filing, completed death claim documents have not been submitted. (Id.)

Christopher R. Wilson, as administrator of the Estate of the Decedent, later contacted Penn Mutual to contest Vassar's designation as beneficiary on the basis that the divorce decree awarded the Policy to the Decedent as her sole and separate property, and under California law,

1  this award divested Vassar of any interest in the Policy, including the right to be designated as
2  beneficiary.

3        Penn initiated this interpleader action against the Defendants due to the competing claims
4  made to the Death Benefit.  Both Defendants have appeared and confirmed their respective
5  claims to the Death Benefit through the filed answers.  (See ECF Nos. 6, 7, 13.)

6        The stipulated motion proffers that Plaintiff Penn is entitled to interpleader relief against
7  Defendants based on the competing claims to the Death Benefit.  As noted above, an interpleader
8  action typically proceeds in two stages.  First, the district court must determine whether the
9  requirements for an interpleader action have been met by determining if there is a single fund at
10 issue and whether there are adverse claims to that fund.  Lee, 688 F.3d at 1009.  Second, if the
11 interpleader action has been properly brought, the district court must make a determination of the
12 respective rights of the claimants.  Id.

13       As set forth in the complaint, Plaintiff Penn is a disinterested stakeholder subject to
14 adverse competing claims to the Death Benefit and is exposed to multiple and/or inconsistent
15 liabilities.  Specifically, Penn Mutual is subject to competing claims to the Death Benefit arising
16 from potential divorce revocation.

17       The Court finds the stipulated motion is properly granted, that Penn should be discharged
18 and dismissed with prejudice from this action, and Defendants shall proceed to litigate their
19 competing claims to the Death Benefit.  See 28 U.S.C. § 2361 ("Such district court shall hear and
20 determine the case, and may discharge the plaintiff from further liability, make the injunction
21 permanent, and make all appropriate orders to enforce its judgment."); OM Fin. Life Ins. Co. v.
22 Helton, No. CIV. 2:09-1989 WBS E, 2010 WL 3825655, at *3 (E.D. Cal. Sept. 28, 2010)
23 ("Plaintiff is subject to actual or potential adverse claims to the decedent's Policy benefits from
24 Helton and the Ozuna children . . . [and] [o]nce it is determined that interpleader is proper,
25 federal courts may discharge the stakeholder from further liability."); Wells Fargo Bank, Nat.
26 Ass'n v. PACCAR Fin. Corp., No. 108CV-00904AWI-SMS, 2009 WL 211386, at *2 (E.D. Cal.
27 Jan. 28, 2009) ("If an interpleading plaintiff has no interest in the stake, the plaintiff should be
28 dismissed . . . [m]oreover, Defendants do not object to Wells Fargo being discharged in this

1  action [and] [t]hus, Plaintiff's motion for discharge can be granted."); Great Am. Life Ins. Co. v.
2  Brown-Kingston, No. 218CV02783MCEKJN, 2019 WL 8137717, at *3 (E.D. Cal. May 14,
3  2019) ("Because the Court finds GALIC is merely a disinterested stakeholder, the Court
4  ENJOINS all defendants and future claimants from any future proceedings against GALIC
5  related to these claims.").

**B.     The Court Shall Grant the Stipulated Motion for Attorneys' Fees and Costs**

"A disinterested stakeholder's entitlement to attorney's fees in an interpleader action 'is committed to the sound discretion of the district court.' " MacPherson-Pomeroy v. N. Am. Co. for Life & Health Ins., No. 120CV00092ADABAM, 2023 WL 5722632, at *2 (E.D. Cal. Sept. 5, 2023) (quoting Tr. of Dirs. Guild of Am.-Producer Pension Benefits Plans v. Tise, 234 F.3d 415, 426 (9th Cir. 2000)).  In awarding such fees, courts recognize that "by bringing the action, the plaintiff benefits all parties by promoting early litigation on the ownership of the fund, thus preventing dissipation." Id. "Such awards generally are charged against the interpleaded funds." MacPherson-Pomeroy, 2023 WL 5722632, at *2 (quoting Chase Inv. Servs. Corp. v. Law Offices of Jon Divens & Assocs., LLC, No. CV 09-9152 SVW (MANx), 2010 WL 11597568, at *4 (C.D. Cal. Jun. 10, 2010)).  "The party claiming attorneys' fees bears the burden of establishing its entitlement to the award."  MacPherson-Pomeroy, 2023 WL 5722632, at *2 (quoting Fidelity Nat'l Title Co. v. U.S. Small Bus. Admin., No. 2:13-CV-02030-KJM-AC, 2014 WL 6390275, at *4 (E.D. Cal. Nov. 13, 2014)).  In order to avoid depleting the funds in question, attorney's fees in interpleader actions are typically modest.  MacPherson-Pomeroy, 2023 WL 5722632, at *2 (quoting Tise, 234 F.3d at 427).

As one court in this district has noted, "[a]s a general matter, a court will award fees from the proceeds whenever: '(1) the party seeking fees is a disinterested stakeholder; (2) who had conceded liability; (3) has deposited the funds into court; and (4) has sought a discharge from liability.' " Wells Fargo, 2009 WL 211386, at *2 (quoting Septembertide Publ'g v. Stein & Day, Inc., 884 F.2d 675, 683 (2d Cir.1989).  While the Plaintiff has not deposited the funds with the Court yet, the Court notes the parties' stipulated proposed order directs the Plaintiff to deposit such funds within thirty (30) days of entry of the order granting the stipulated motion.

6

1      Plaintiff's counsel submitted a declaration in support of the request for attorneys' fees
2 and costs, as well as records pertaining to the hours and costs expended in this action.  (Decl.
3 John T. Burnite ("Burnite Decl."), ECF No. 21-2 at 1-3; Ex A, ECF No. 21-2 at 3-7; Ex. B, ECF
4 No. 21-2 at 8.)  Plaintiff is seeking $14,712.00 in attorneys' fees, and $402.00 in costs.

5      Based on the Court's review of the billing entries; the declaration of counsel describing
6 the work completed and affirmation of the reasonableness of the time expended in relation to
7 similar matters; and the fact that the Defendants have agreed to the precise award of the
8 attorneys' fees and costs, the Court shall grant the requested award of attorneys' fees and costs.

## IV.

## ORDER

Accordingly, it is HEREBY ORDERED that:

1. The parties stipulated motion for interpleader relief and the award of fees and costs (ECF No. 21) is GRANTED;

2. Penn Mutual shall deposit the Death Benefit into the Registry of the Court within thirty (30) days from the date of this order;

3. Defendants are enjoined and restrained from instituting or prosecuting further any proceeding in any state or United States court, including this Court, either at law or in equity, against Penn Mutual or its affiliates and agents arising out of or relating to the Policy and/or the Death Benefit underlying this action;

4. Penn Mutual and its affiliates and agents should be fully and finally discharged from any further liability, whether to Defendants or otherwise, arising out of or relating to the Policy and/or the Death Benefit underlying this action;

5. Penn Mutual is awarded its attorneys' fees in the amount of $14,712.00 and costs in the amount of $402.00, which are to be deducted from the Death Benefit before deposit into the Registry of the Court;

6. Any and all claims, demands, debts, or causes of action arising out of or relating to the Policy and/or the Death Benefit that could have been asserted herein against Penn Mutual by Defendants are dismissed with prejudice and Penn Mutual is

dismissed with prejudice from this action;

7. The Clerk of the Court is DIRECTED to dismiss only Plaintiff Penn Mutual from this action, and the action shall proceed as to the remaining parties; and

8. The hearing set for September 27, 2023, in Courtroom 9, is VACATED.

IT IS SO ORDERED.

Dated: **September 8, 2023**

UNITED STATES MAGISTRATE JUDGE